UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10222-RGS

JUANA DOMINGUEZ

v.

WMC MORTGAGE CORPORATION;
SAXON MORTGAGE SERVICES; WELLS
FARGO BANK, NATIONAL ASSOCIATION;
And MORGAN STANLEY ABS
CAPITAL 1 INC.

<u>MEMORANDUM AND ORDER ON
MOTIONS FOR JUDGMENT ON THE
PLEADINGS AND TO DISMISS</u>

September 10, 2008

STEARNS, D.J.

On January 14, 2008, after being notified that her home was subject to foreclosure, Juana Dominguez filed this action against defendant mortgage companies in Essex Superior Court, alleging unfair business practices, misrepresentation, and undue influence. Defendant WMC Mortgage Corporation (WMC) removed the matter to the federal district court on February 11, 2008. Before the court are WMC's motion for judgment on the pleadings, and Wells Fargo Bank's and Saxon Mortgage Service's joint motion to dismiss, or in the alternative, for judgment on the pleadings.

The following facts alleged in the Complaint are for present purposes deemed to be true. In October of 2006, Dominguez applied for a loan to purchase property located at 5-7 Maurice Avenue in Lawrence, Massachusetts. At the time that she applied, Dominguez was informed by her mortgage broker that she could obtain a 30-year loan at a fixed rate

of 7.75%.[1] However, at the October 30, 2006 closing, Dominguez was presented with two separate loans, the first for $271,000 at a rate of 7.75%, upwardly adjustable to 14.00%. The second loan, in the amount of $67,800, carried an interest rate of $11.625%, and was also upwardly adjustable.[2]  WMC was the holder of the first and second notes.

Dominguez claims that had she been told about the new terms prior to the closing, she would have attempted to secure financing from another broker.  Before signing the papers, however, Dominguez was reassured by the broker that within a year her house would be refinanced, and the two loans consolidated into one fixed rate loan at 7%, as she was promised when she first applied for financing.[3]  She additionally alleges that she was told by the broker that if she did not sign the mortgage papers she would lose her $1,500 deposit.[4]

After being saddled with the two monthly mortgage payments, Dominguez attempted to refinance the mortgage loans but was told that it was not possible because the value of her home had declined.[5]  She maintains that she is unable to make her monthly mortgage payments of $2623, much less the payments that will be required when the rates are adjusted upward on November 1, 2008.  On December 26, 2007, Dominguez

---

[1] In addition, Dominguez was to receive 100% financing.

[2] The interest rate on both loans was set to adjust after the first two years, and every six months thereafter.

[3] The discrepancy between the 7.75% and the 7% figures is not explained in the Complaint.

[4] At some point subsequent to the closing, the notes were transferred from WMC to Wells Fargo.  Saxon services the notes.

[5] The Complaint does not say by whom.

received a letter from the law firm of Orlans Moran PLC, informing her that Saxon intended to institute foreclosure proceedings within thirty days.

Shortly thereafter, Dominguez filed the instant lawsuit seeking injunctive relief preventing Wells Fargo and Saxon from proceeding with the foreclosure, as well as damages for mental anguish and suffering attributable to defendants' unfair business practices, intentional false and misleading representations, and undue influence. WMC filed an answer denying all material allegations and asserting a number of affirmative defenses, including the asservation that Dominguez's mortgage broker is not an agent of WMC. On February 19, 2008, Wells Fargo and Saxon brought counterclaims alleging that the loans are valid and enforceable, and that the mortgage broker was not an agent of any of the note holders or Saxon. Dominguez did not respond to the counterclaims. On April 17, 2008, the court granted Wells Fargo's and Saxon's motions for default pursuant to Fed. R. Civ. P. 55(a). On May 29, 2008, a default was entered against Dominguez on the counterclaims.

## DISCUSSION

At the outset, the court notes that Dominguez has not opposed either of the dispositive motions. In reviewing a motion for judgment on the pleadings, the court "must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. State of Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). Therefore, a judgment on the pleadings is not proper "unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Id. Even taking the facts asserted by Dominguez in her complaint to be true, the court will ALLOW the motions.

3

Defendants argue that although Dominguez alleges that WMC made statements "through the mortgage broker," she has admitted through her failure to respond to the counterclaims that the broker (who is neither identified by name nor named as a party to the lawsuit) is not an agent of any of the defendants.  See Counterclaims, at ¶ 19.

Under Fed. R. Civ. P. 12(a)(1)(B), a "party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim." Here, Dominguez's failure to respond to the counterclaims results in an admission of their allegations.  "A plaintiff's failure to reply to a counterclaim properly denominated as such acts as an admission of its allegations as prescribed by Rule 8(d)."  5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Pro. Civ.3d § 1184 (2008). See also Fed. R. Civ. P. 8(b)(6) (an allegation "is admitted if a responsive pleading is required and the allegation is not denied.").  Underlying all of Dominguez's claims are the allegations of the mortgage broker's purported misconduct.  However, there can be no liability on the part of defendants absent an agency relationship with the broker.  Because Dominguez's real quarrel is (by her own implicit admission) with her broker, and not with the defendants, her claims necessarily fail.

## ORDER

For the foregoing reasons, the motions for judgment on the pleadings are ALLOWED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE